[832 NYS2d 451]

In the Matter of ALEXANDER Z. LANDY (Admitted as ALEXANDER ZUSHE LANDY), an Attorney, Resignor.

Second Department, April 17, 2007

## APPEARANCES OF COUNSEL

*Alexander Z. Landy*, Baldwin, resignor pro se.

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

## OPINION OF THE COURT

Per Curiam.

Alexander Z. Landy has submitted an affidavit dated October

17, 2006, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). He was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 23, 2003, under the name Alexander Zushe Landy.

Mr. Landy avers that his resignation is freely and voluntarily tendered, that he has not been subjected to coercion or duress, and that he is fully aware of the implications of its submission. He is aware that he is the subject of a pending investigation by the Grievance Committee into allegations that he has been guilty of professional misconduct. Mr. Landy acknowledges his inability to successfully defend himself on the merits against charges predicated thereon. Such charges would allege that he breached his fiduciary duty by failing to safeguard funds entrusted to him in his attorney trust account and by failing to ensure that those funds remained intact.

Mr. Landy's resignation is submitted subject to any application which could be made by the Grievance Committee to direct that he make restitution and that he reimburse the Lawyers' Fund for Client Protection of the State of New York pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and is aware that any order issued pursuant to that statute could be entered as a civil judgment against him. Mr. Landy specifically waives the opportunity to be heard in opposition as afforded him by Judiciary Law § 90 (6-a) (f).

Inasmuch as the proffered resignation complies with all pertinent Court rules, it is accepted, Alexander Z. Landy, admitted as Alexander Zushe Landy, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

PRUDENTI, P.J., MILLER, CRANE, MASTRO and SKELOS, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alexander Z. Landy, admitted as Alexander Zushe Landy, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Alexander Z. Landy, admitted as Alexander Zushe Landy, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alexander Z. Landy, admitted as Alexander Zushe

Landy, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Alexander Z. Landy, admitted as Alexander Zushe Landy, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).